McBRIDE, Judge.
The Plymouth automobile owned and driven by Stanley J. Hauck and a Buick car, owned by Oscar B. Williams which his son was driving, came into collision at a very early hour on February 7, 1954. The accident took place at the intersection of North Broad Street and Ursulines Avenue, and as a result of the impact the Williams car crashed into the building of one Chris Matulich at 1100 North Broad Street causing damages thereto amounting to $368.96. Plaintiff, who is Matulich’s subrogee, seeks by this suit to recover such damage from Hauck and the liability insurer of the Williams car, in solido, and judgment was rendered in plaintiff’s favor by the trial court against both defendants. The liability insurer has appealed from the judgment.
Both drivers are charged with having been negligent in several respects, but we do not think it necessary to enumerate the allegations.
The record shows that Hauck’s automobile was proceeding in the direction of the river on Ursulines Avenue; its speed was between 40 and 45 miles per hour notwithstanding that 30 miles per hour was the legal maximum speed, and, Hauck upon reaching the Broad Street intersection paid no heed to the traffic sign confronting him which commanded vehicles traveling in the direction he was to stop. He continued across the uptown roadway and reached the neutral ground before he even became aware of his position; it was then that he saw the Williams vehicle on Broad Street in the downtown lane, but it was then far too late for him to take any effective measures to avoid an accident and his car struck the middle of the left side of the Williams vehicle causing it to travel across Ursulines Avenue and hit Metulich’s building.
The appeal presents the sole question whether Williams, Jr., was negligent in failing to notice Hauck’s vehicle on Ursu-lines Avenue and to take steps to avoid an accident with it.
Williams was traveling on Broad Street, but by his own admission he was oblivious of the presence of the Hauck car until he got into the intersection and an accident was imminent. He does not remember whether he looked to his left for traffic on Ursulines Avenue, but we feel sure that he did not take that precaution.
Broad Street is a wide boulevard with its two traffic roadways being divided by a neutral ground. There was no obstruction to Williams’ view. Had he even glanced to his left at a proper point before reaching Ursulines Avenue, he surely would have been able to see not only across Broad Street but for a considerable distance beyond down Ursulines Avenue. The approaching car was within the range of vision and it should have been at once apparent that the speed at which it was traveling was such that it could not be stopped before reaching the downtown lane of Broad Street. Williams should have refrained from driving into its path. His negligence is too manifest for further comment.
The judgment appealed from is affirmed.
Affirmed.