McBRIDE, Judge.
This appeal presents a claim asserted1 by plaintiff for damages sustained by his automobile suffered in a collision with an automobile driven by Chalaire at the intersection formed by the inbound roadway of St. Bernard Avenue and the downtown-bound roadway of North Broad Street in the early morning hours of December 11,. 1955. Plaintiff directs his suit against Chalaire’s liability insurer. After a trial' on the merits of the case plaintiff was awarded a judgment in the amount of $1,085.91, from which defendant appeals.
The locus in quo is a wide, open intersection with no impediment to the view of either driver, and it was well lighted at the time the accident occurred. Both St. Bernard Avenue and Broad Street are classified as boulevards as each contains two roadways accommodating traffic bisected by a neutral ground. Semaphore signals controlled traffic movement; a blinking amber light faced vehicles moving on Broad Street, while a blinking red light confronted motorists traveling on St. Bernard Avenue. Plaintiff, Martin, was *510 driving in a downtown direction on Broad Street and the Chalaire automobile, which was being driven on St. Bernard Avenue, approached from Martin’s left at a right-angle.
Both drivers are charged with having been negligent in several respects, but there is no necessity at all to enumerate the reciprocal allegations made by each party. It is frankly conceded by defendant that its insured, Chalaire, was negligent, and thus the only issue in the case is whether Martin was guilty of contributory negligence which would bar his recovery. Among enumerations of contributory negligence are the charges that he failed to keep a proper lookout or to notice the presence of the Chalaire automobile in the intersection and also that he failed to avail himself of the last clear chance to avoid the accident.
Chalaire’s story is that he stopped at North Broad Street in obedience to the blinking red light facing in his direction and then started off at a speed of from IS to 20 miles per hour; that upon reaching the neutral ground of Broad Street he observed the plaintiff’s automobile which was then at a distance of 15 to 20 feet from the intersection. Chalaire insists plaintiff came out into the intersection immediately into his path and that the accident was unavoidable so far as he is concerned.
Martin, on the other hand, testified that as he approached St. Bernard Avenue two cars were stopped ahead of him at the intersection awaiting the clearance of traffic, and that after said cars started their forward motion he came up to the intersection and stopped. He claims he looked both to the right and to the left and admits having seen the lights of a car (which later developed to be Chalaire’s) on St. Bernard Avenue which he says were beyond North Broad Street and about 75 to 80 feet away from the intersection. He states he believed that the approaching car would stop upon reaching the intersection in compliance with the blinking red light and on that assumption started forward at about 5 miles per hour and had traversed about one half the intersection when the Chalaire car struck his left front fender. Martin is positive that Chalaire ignored the red light. It was not until he had started forward and driven his car out into the intersection did he observe that Chalaire had not stopped and then it was too late for him to take any effective measures to avert a collision. Martin claims he accelerated the speed of his car in an unsuccessful attempt to remove himself from Chalaire’s path.
Defendant’s counsel contend that it was negligent for Martin to have entered the intersection into the pathway of Chalaire’s car which, it is argued, was traveling at a greater speed than attributed to it by Chalaire. We are in accord with counsel that Chalaire grossly underestimated his speed. This is attested to by the fact that his automobile left skid marks 30 feet long on the pavement as a result of his emergent application of the brakes and also by the fact that Chalaire traveled over 100 feet while Martin’s car was traveling only a portion of the intersection.
The gravamen of the plea of contributory negligence is that Martin should have had good reason to know or should have known that by virtue of Chalaire’s excessive speed it was impossible for him to stop his car at the intersection.
A motorist having the right of way such as Martin had has a right to assume that the driver approaching the intersection on the less-favored street will observe the law by bringing his automobile to a full stop before entering the intersection. But a motorist cannot indulge in such an assumption if he sees or should see that the driver on the intersecting street has not observed or cannot observe the law with respect to stopping at the intersection.
We do not believe that it can be said that Martin should have sensed or have been cognizant of Chalaire’s speed *511 and inability to stop. He only sighted the headlights of the latter’s car which was approaching at a right angle and which was more than 100 feet away from him. We must recognize that it might he difficult under such circumstances to judge the speed of the approaching car. Martin stated: “I couldn’t see anything but the lights coming; so I couldn’t tell how fast he was coming. * * * I had no reasons to believe that Mr. Chalaire was not going to stop for the light.” We can detect no contributory negligence on Martin’s part.
Defendant’s counsel have cited the case of Franklin National Insurance Co. v. Zurich General Accident & Liability Insurance Co., La.App., 92 So.2d 600, but we do not believe that the cited case has any applicability to this case. In the cited case the driver against whom the plea of contributory negligence was leveled did not take the trouble of looking into the intersection to see if there was any oncoming traffic.
There is no dispute whatever regarding the damage sustained by plaintiff’s car or the claimed expenses entailed in restoring the automobile to its original condition.
Therefore, the judgment appealed from is affirmed.
Affirmed.